(No. 2008— )

JOHN QUILLMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*
*Rehearing denied November 21, 1933.*

WILLIAM O. EDWARDS, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This is a claim for compensation. Claimant alleges that on the 4th day of July, 1929, he was employed as a watchman on a hard surfaced road on Route No. 13, three miles west of Pinckneyville, Perry County, Illinois. The claim arises out of a severe injury which he received when about three or four o'clock in the morning, a car driven by one James Carman approached a point where the claimant was standing, endeavoring to warn the driver of the automobile of the existence of a barrier protecting a strip of new concrete that had been put in to repair a bad place in the road. Carman, driving apparently in a reckless manner, struck this barrier and the barrier struck the claimant, severely injuring him.

The claim was filed October 31, 1932. This case comes before us on a motion to dismiss by the Attorney General for want of jurisdiction, for the reason that it does not appear from the records that claimant complied with the terms and provisions of Section 24 of the Workmen's Compensation Act of 1911, as subsequently amended, in this:

(a) No claim or demand appears to have been made upon the respondent by the claimant for compensation within six months after the date of the accident on July 4, 1929.

(b) Application for compensation or declaration of claim herein was not filed within one year after the date of the injury or within one year after the date of the last payment made by the respondent to the claimant of any temporary total compensation payable under the Act.

It appears from the petition filed by claimant that he is seventy-two (72) years of age; that he did not anticipate nor understand that his injury was as serious as it was and would result in a seventy-five per cent (75%) permanent disability; that he did receive Two Hundred Dollars ($200.00) from Carman, the man who injured him.

Claimant objects to the motion to dismiss and sets up seven (7) reasons, and cites former opinions of this court, and urges that the State has waived Section 24 of the Compensation Act, citing authorities.

This court has held that Section 24 of the Compensation Act is jurisdictional and was not waived by the State and is not equivalent to a demurrer at common law.

The facts appear from the evidence taken in the case, and we will consider it the same as a motion made at the close of all the evidence in a suit at law to direct a verdict, for the reason that this court has no jurisdiction, and the petition will be dismissed.